**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Roberto CAMPOS–CAMPOS, a.k.a. Jose Angel Campos, a.k.a. Roberto Salcedo Campos, Defendant–Appellant.**

**No. 12–50488.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 19, 2013.*

Filed Dec. 06, 2013.

Jean–Claude Andre, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, Carlo Anthony Dicesare, Special Assistant U.S. Office of the U.S. Attorney, Riverside, CA, for Plaintiff–Appellee.

Roberto Campos–Campos, Adelanto, CA, pro se.

Before: CANBY, TROTT, and THOMAS, Circuit Judges.

### MEMORANDUM **

Roberto Campos–Campos appeals from the district court's judgment and challenges his guilty-plea conviction and 63–month sentence for illegal reentry by an alien following deportation, in violation of 8 U.S.C. § 1326. Pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Campos–Campos's counsel has filed a brief stating that there are no grounds for relief, along with a motion to withdraw as counsel of record. We have provided Campos–Campos the opportunity to file a pro se supplemental brief. No pro se supplemental brief or answering brief has been filed.

Campos–Campos waived his right to appeal his conviction, with the exception of an appeal based on a claim that his plea was involuntary. He also waived the right to appeal his sentence, with the exception

of the court's calculation of his criminal history category. Our independent review of the record pursuant to *Penson v. Ohio,* 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), discloses no arguable grounds for relief as to the voluntariness of Campos–Campos's plea or the criminal history category calculated by the court. We therefore affirm as to those issues. We dismiss the remainder of the appeal in light of the valid appeal waiver. *See United States v. Watson,* 582 F.3d 974, 988 (9th Cir.2009).

Counsel's motion to withdraw is **GRANTED.**

**AFFIRMED in part; DISMISSED in part.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

